### FIELD v. WATERMAN S. S. CORPORATION.

No. 9045.

Circuit Court of Appeals, Fifth Circuit.

June 29, 1939.

Richard B. Montgomery, Jr., of New Orleans, La., for appellant.

Gessner T. McCorvey, of Mobile, Ala., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

John Field, a seaman, brought this suit under the Jones Act, § 33, 46 U.S.C.A. § 688, to recover for an injury received from a fall while working as an able-bodied seaman on a vessel owned by the Waterman Steamship Corporation.

The petition alleged that Field was ordered to paint the stern of the ship; "that while mounting the jacob ladder the step slipped and caused him to fall"; and that in falling he caught on a brace line and severely wrenched his shoulder. The petition further alleged "that said injury was due solely to the negligence and carelessness of the defendant, its agents, officers, servants and employees, or the persons for whom defendant is liable, in that they did not properly rig the stages and brace lines on which the plaintiff was working at the time of the injury."

The evidence informs that plaintiff shipped as an able-bodied seaman on the Arizpa, a vessel owned and operated by the Waterman Steamship Corporation. On September 8, 1936, while the vessel was in Cuba, he and a fellow employee, one Eiland, were directed to paint the stern of the ship. This was a part of their duties as able-bodied seamen. At the same time other members of the crew were engaged in painting other portions of the ship. The plaintiff and Eiland selected a stage from several stages on the deck, and selected ropes with which to swing the stage under the stern. They also selected a jacob's ladder on which to climb down to the stage from the deck, and rigged the stage from which they were to paint. This was also a part of their duties as able-bodied seamen. Field testified that they were on the stage painting and that the rigging did not meet his approval, and that he went to the boatswain and requested additional stages, but that the boatswain did not reply to his request. It is not shown that the boatswain heard this request. He attempted to leave the stage again to go upon the deck to complain to the boatswain, but as he reached for the jacob's ladder his hand slipped, causing him to fall, and to avoid falling into the water he caught on a guard line and injured his shoulder.

Field testified further that for safety three stages should have been used, and that it was the duty of an able-bodied seaman to select the kind and number of stages to be used, and to rig them as he saw fit. Witness Eiland testified that the general custom was to use two stages lashed together, but that when two or three stages were used four or five men painted from them at the same time. No defect was shown in the guard line, the rigging, the stage, or the jacob's ladder. It is without dispute that the ship was seaworthy and the appliances without defect, and that other stages were on the deck and could have been used by Field if he so desired.

At the conclusion of this evidence by the plaintiff the trial court dismissed the petition pursuant to rule 41(b), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. It is from this ruling that plaintiff has appealed to this court.

The evidence fails to substantiate the allegations of the petition. Without amending his petition as is provided by rule 15

(b), Rules of Civil Procedure for District Courts, the plaintiff abandoned his charge and now contends that defendant failed to provide him sufficient stages on which to work. However, we will assume the rule was properly complied with and decide the case on its merits.

The case upon which appellant most strongly relies in contending that he should have been allowed to go to the jury is Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 267, 83 L.Ed. 265. Mr. Justice Stone in a very learned and exhaustive opinion in that case laid down the rule that the "responsibility of owners for the seaworthiness of vessels and the safety of their appliances will be best served by applying the rule of comparative negligence, rather than that of assumption of risk, to the seaman who makes use of a defective appliance knowing that a safe one is available."

The plaintiff puts himself without the pale of the comparative negligence rule, since he was wholly at fault when he received his injury. There was clearly no breach of duty shown on the part of the steamship company. It was, therefore, the duty of the trial court to dismiss the petition. Clarke v. Illinois Cent. R. Co., 5 Cir., 286 F. 915; Pennsylvania Railroad Co. v. Chamberlain, Adm'x, 288 U.S. 333, 53 S. Ct. 391, 77 L.Ed. 819.

Plaintiff further seeks to recover for maintenance and cure while he was disabled. The evidence is without dispute that the injury suffered by the plaintiff was a recurrence of an old injury to his left shoulder which he received while fighting in the year 1930. At that time he was treated at the San Francisco General Hospital. He next fell and hurt the same shoulder in 1934, and was sent to the U. S. Marine Hospital at New Orleans, where he remained a long time. Further injury to this shoulder appears to be the one for which this suit is brought. On his return from voyage he immediately entered the U. S. Marine Hospital at Mobile on September 18, 1936. On October 10, 1936, he was transferred to the U. S. Marine Hospital at New Orleans for observation and treatment, where he remained until he was discharged fit for duty on June 29, 1937. After his discharge he shipped twice to Europe as an able-bodied seaman on one of the Lykes ships. He returned from this service and reentered the hospital in February 1938, where he is now under treatment.

The evidence is further without dispute that appellant has never been refused or denied hospitalization, and there is no evidence of his expending any sum for maintenance and cure. We are, therefore, of opinion appellant is not entitled to recover. The Baymead, 9 Cir., 88 F.2d 144; The Balsa, 3 Cir., 10 F.2d 408.

The judgment is affirmed.