GONZALES v. UNITED FRUIT CO. et al.

No. 103, Docket 22060.

United States Court of Appeals
Second Circuit.

Argued Nov. 16, 1951.

Decided Dec. 12, 1951.

---

Richard Gyory, of New York City (Silas B. Axtell, of New York City, on the brief), for plaintiff-appellant.

Benjamin E. Haller, of New York City (Burlingham, Veeder, Clark & Hupper and Ray Rood Allen, all of New York City, on the brief), for defendants-appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from the District Court's judgment entered on jury verdict for defendants on a first count in a suit under the Jones Act, 46 U.S.C.A. § 688, for damages for sickness based upon "failure to make physical examination of the plaintiff" and unseaworthiness of the vessel, and the dismissal of a second count based on neglect to treat, at the close of the plaintiff's evidence. There was a third count for maintenance and cure which resulted in a judgment for plaintiff [1] and is not in issue on this appeal.

Plaintiff was employed by the defendants as a fireman aboard the S.S. "Talamanca" beginning in August, 1947. During the first few months of the voyage the ship operated in tropical waters, but in the early part of 1948 she began to make regular trips to New York. Plaintiff developed a cold during these winter trips in the Atlantic and his condition worsened until March, 1948, when it was diagnosed as pulmonary tuberculosis by the United States Marine Hospital at Staten Island. There was no evidence of plaintiff's respiratory condition prior to his employment on the "Talamanca" beyond the fact that he apparently was and believed himself to be in good health. The general medical examination given him by the doctor on the ship in August, 1947, disclosed nothing. The entire cause and course of illness are thus largely a matter of speculation. As narrowed by the trial process the claim of unseaworthiness rests on plaintiff's allegation that his cabin was too small and equipped with a "faulty" ventilator, while that of negligence rests on defendants' failure to submit their employees to an X-ray examination when they were hired.

Issues on appeal concerning this second claim arise through claimed error in the ruling of the trial judge that evidence of the cost of X-rays and their use by "some businesses" was inadmissible. Defendants adduced evidence, and plaintiff did not challenge, that the practice of the shipping industry was not to include the X-ray test for tuberculosis as part of their pre-voyage physical examinations. The contention of the plaintiff was in effect that the whole industry thus showed a want of due care. This is obviously an extensive charge. Thus the Third Circuit has strongly intimated that even failure to give a general preliminary examination at all cannot constitute negligence. Potter Title &

---

1. On verdict of a jury under the practice followed in this district, held invalid in Jordine v. Walling, 3 Cir., 185 F.2d 662, but supported in 5 Moore's Federal Practice 281–285, 2d Ed. 1951, in vigorous criticism of the Walling decision.

Trust Co. v. Ohio Barge Line, 3 Cir., 184 F.2d 432, certiorari denied 340 U.S. 955, 71 S.Ct. 567, 95 L.Ed. 689. And in truth we can find no case suggesting that the shipowner bears the legal responsibility for such an examination even where circumstances might point to a seaman's respiratory illness—tuberculosis or pneumonia—prior to or during the voyage. See Kilgust v. United States, 2 Cir., 191 F.2d 69; Ahmed v. United States, 2 Cir., 177 F.2d 898; The Saguache, 2 Cir., 112 F.2d 482; Willey v. Alaska Packers' Ass'n, 9 Cir., 18 F.2d 8.

██ But even if we assume *arguendo* that nevertheless a case might arise where the jury could reasonably find—presumably from evidence as to analogous businesses—that due care by a shipowner would include examining all prospective crew members for tuberculosis via the X-ray method, there was no basis therefor in this record. As we have recently held in Lee v. Pennsylvania R. Co., 2 Cir., 192 F.2d 226, while evidence of existing practices in the operation of a business are not absolutely determinative of the standard of care to be applied by the jury, yet isolated facts or examples of a contrary higher standard are not enough to show a higher standard; the evidence must be such that the jury is justified in generalizing from it to a widely accepted norm. Otherwise the proof is incompetent and should not be admitted. Here plaintiff's proffer of evidence was only of the barest sort imaginable, such as to the additional "cost" of such an examination, and then certain highly tentative tenders to show that it was a "reasonable precaution that an employer could take," the "general practice of using them" (where not being specified), and "that some business, not this one, but others do have these X-rays made." Thus the hope was at most of proving isolated examples from other businesses not even suggested to be analogous to shipping. Such tenders were correctly refused. Where the introduction of evidence can only "result in a confusion of issues, or inject many new controversial points collateral to the issues, or * * * generate surprise, or undue prejudice disproportionate to the usefulness of the evi-

dence, it should not be admitted." Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, 841, 137 A.L.R. 598, certiorari denied 314 U.S. 638, 62 S.Ct. 73, 86 L.Ed. 512. This is a matter well within the discretion of the trial court. See 2 Wigmore on Evidence 427–431, 490, 3d Ed. 1940.

██ This ruling, of course, left no further basis in the evidence for a charge of negligence on this score. The judge therefore properly charged the jury that "there can be no finding of responsibility on the ground that the defendant did not take presigning-on X-rays." The judge's statement that "the proof does not establish that he contracted tuberculosis aboard the 'Talamanca'" was also justified by a similar absence of proof. There does not seem anything objectionable in his further statement that plaintiff probably had the disease "for sometime prior to March, 1948." At any rate, no proper objection was taken to it and under Fed.Rules Civ.Proc., rule 51, 28 U.S.C.A., it may not be assigned as error on this appeal.

██ Plaintiff also assigns error in the refusal of the judge to leave to the jury an issue as to the health of one Fernandez, a crew member who shared Gonzales' cabin, and the possibility of plaintiff's having contracted the disease from him. Fernandez, it appears, was later hospitalized for tuberculosis also. But since this evidence could merely support an inference that he carried the disease in a dormant state, negligence in assigning him to plaintiff's cabin could only lie if the jury found that defendants had failed properly to discover Fernandez' sickness at the time he joined the ship. Since the failure to give the X-ray examination cannot be held to constitute negligence in this case and since Fernandez' having the disease at the time he was on the "Talamanca" is only a matter of speculation, there was no need to consider the evidence further and no issue for the jury on the point.

██ The dismissal of the second count, "improper medical care," was likewise not erroneous. No evidence of actual negligence in this respect was adduced. See De Zon v. American President Lines, 318 U.S.

660, 671, 63 S.Ct. 814, 87 L.Ed. 1065. Rather it seems clear that plaintiff was treated by the ship's doctor each time he requested an examination and also that he was permitted leave for medical examination on shore when he requested it.

Judgment affirmed.