**ROBINSON v. ISBRANDTSEN CO., Inc.**

No. 137, Docket 22535.

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1952.

Decided Feb. 10, 1953.

On Petition for Rehearing April 10, 1953.

Corydon B. Dunham, New York City (Vine H. Smith, Brooklyn, N. Y., of counsel), for defendant-appellant.

Harold Guttman, New York City, for plaintiff-appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. *The first cause of action.*

■ There was sufficient testimony to show that defendant provided food of inferior quality. Plaintiff testified that the meat was "moldy" and "greenish whitish," and had a "tainty taste"; that the flour was infested with weevils, and the dried fruit with worms. His description of the meat and the flour was corroborated by testimony of three of his shipmates, one of whom was second cook and baker. Two of the three bore out his description of the fruit. Although the witnesses for plaintiff were his own shipmates who had also contracted diarrhea on the voyage, the jury had the choice of belief or disbelief, and chose to credit this testimony.

There was a sufficient showing of causal relationship between the food of inferior quality and the disorder which befell the plaintiff: A doctor testified that food so described would be a "competent producing cause" of plaintiff's condition.

2. *The second cause of action.*

■ This was for failure to provide medical attention, and for aggravation of plaintiff's condition by forcing him to work while sick. We feel that the judge erred in setting aside the verdict and dismissing the cause. From the plaintiff's testimony, the jury could reasonably find the following: Before the ship reached China, plaintiff suffered from diarrhea. After they left Shanghai, the disease was complicated by rectal bleeding, stomach pains and vomiting; after leaving Hong Kong for Manila, plaintiff had a forty-hour siege of diarrhea and was unable to hold food down for five days. He was given paregoric and aluminum hydroxide by the purser, and confined to his bunk until the ship reached Manila. There he was examined by a doctor, who gave the purser some pills which he, in turn, gave to plaintiff, telling plaintiff to go back to the ship. His condition did not improve. After three days the captain ordered him back to work under threat of "logging" (a fine). The condition had subsided to diarrhea and stomach pains. As the ship made port in Siam, Singapore, Bombay and Aden, plaintiff asked to be sent to a doctor but the request was not granted. In Genoa, "a couple of months after leaving Manila," a doctor was called aboard, examined plaintiff and others, and prescribed medicine which plaintiff never received.

Aggravation is not synonymous with deterioration. Though plaintiff's condition grew no worse, failure to provide medical care would constitute aggravation, since with proper treatment he might have improved and been cured. Here again, the causal chain was cast by the testimony of plaintiff's expert witness. The evidence indicates that what should have been done was not, and what was done should not have been.

3. *The third cause of action.*

■ The third count, concerning maintenance and cure, was decided separately by the judge as an admiralty issue, pursuant to agreement of the parties. We find no

basis for the judgment in this respect in plaintiff's favor. The first count presumably covered lost wages, since there was testimony on this subject which the jury was told to consider. And as far as is shown, the plaintiff has had no out-of-pocket medical expenses to date. On the contrary, he was to continue receiving the free clinical treatment available to him as a seaman.

Accordingly, we hold that the verdict on the first cause of action should stand; that the verdict on the second should be reinstated; and that judgment on the third should be vacated.

### On Petition for Rehearing

PER CURIAM.

■ Defendant-appellant has called our attention to a colloquy which it claims constituted a motion for new trial. There was no mention made of this on the appeal from the directed verdict, nor did the trial judge mention it during or following the colloquy, nor did he rule on such a motion in the alternative, as required by Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.[1]

Perhaps, were we to construe strictly the Supreme Court's recent opinion in Johnson v. New York, New Haven & Hartford R. Co.,[2] we should say that appellant's "motions cannot be measured by its unexpressed intention or wants."[3] However, since the defendant moved to have the verdict set aside on the ground, *inter alia*, that it was against "the weight of the evidence," we will read this as a motion for new trial[4] which, though ambiguously articulated, must now be ruled on by the trial judge. Hence, the second cause of action is remanded for the exercise of the trial judge's discretion on the alternative motion for new trial.

1. The defendant's motions with respect to the second cause of action, were disposed of as follows:

(1) At the close of the plaintiff's case: "I move to dismiss the [second] cause of action on the ground that the plaintiff has failed to establish facts sufficient to constitute a cause of action." (Decision reserved.)

(2) At the close of all the evidence: "The Court: I suppose the defendant will renew all the same motions?

"Mr. O'Brien: And I am renewing the same motions, * * * And ask for a direction in favor of the defendant. (Decision reserved.)"

(3) After the jury's verdict for plaintiff:

"Mr. O'Brien: On behalf of the defendant I move to set aside this verdict upon the ground that it is against the evidence, against the weight of the evidence and all the grounds enumerated in the Rules of Federal Practice; and upon the further ground that the verdict is excessive.

"The Court: I think it is, Mr. Guttman.

* * * * * *

"I am talking only about the second cause of action.

"There was no proof of it at all. * * * I don't think the plaintiff established it by a fair preponderance of the credible evidence, * * * Now I am going to set the verdict aside on the second cause of action. * * *"

The judgment below said "The second cause of action * * * is dismissed, upon the merits. * * *" (This was, in effect, judgment *n. o. v.*)

2. 344 U.S. 48, 73 S.Ct. 125. Defendant, having moved for a directed verdict at the close of all the evidence, later moved, after verdict and judgment, to have the verdict set aside on the ground that it was excessive, contrary to the law, to the evidence, to the weight of the evidence. This was held insufficient to satisfy the requirement of Fed.Rules Civ. Proc. rule 50(b), 28 U.S.C.A., that plaintiff "move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict".

3. 344 U.S. at page 51, 73 S.Ct. at page 127.

4. As to this point, see Johnson v. N. Y. N. H. & H. R. Co., 344 U.S. 48, 49, 54, 73 S.Ct. 125.