STANKIEWICZ

v.

UNITED FRUIT STEAMSHIP CORP. et al.

United States District Court, S. D. New York.

March 22, 1954.

Nathan Baker, New York City, and Milton Garber, Hoboken, N. J., for plaintiff.

W. Dale Williams, by Thomas H. Walker, New York City, and Julian Carr, New York City, for defendants.

BONDY, District Judge.

This is a motion made by the defendant United Fruit Company for the direction of a verdict in its favor, notwithstanding the disagreement of the jury at a trial of the action.

The question is not, as the defendant seems to contend, whether the evidence predominates in its favor. It is whether there is any evidence to justify a verdict in favor of the plaintiff.

In the complaint three separate causes of action are alleged; one for injuries sustained through unseaworthiness, one for injuries sustained through negli-

gence of the officers of the defendant and one for maintenance and cure.

The plaintiff was an able-bodied seaman aboard the S.S. Hibueras from January 17 to February 18, 1949. The Hibueras left Baltimore on the evening of February 3, 1949. At about 7:00 o'clock that day the electrician Bozarth asked the plaintiff and two other members of the crew to come to his room in the forecastle for a sailing away drink. At the suggestion of the electrician Bozarth, plaintiff went to his room for his radio and took it to the electrician's room. When the electrician entered the room he found his clothes tied up in a knot and he said "Who in the hell beefed my clothes up." After that he picked up and swung a jacket over plaintiff's head, causing the zipper of the jacket to strike plaintiff in the left eye.

The plaintiff testified that Bozarth was his friend, that at the time he was injured Bozarth was wobbly, had been drinking and smelled of liquor, that before the plaintiff and Bozarth had gone to the latter's room plaintiff had seen Bozarth pour something from a bottle into a coffee cup in the messroom, that Bozarth had a bottle in his room "most all the time", that Bozarth often was drinking when plaintiff passed his room, that when Bozarth was drinking he was belligerent, was boisterous, loud and picked on somebody, starting fights sometimes, that on one occasion "he come aboard the ship pretty well loaded because he just couldn't get up the gangway" that on that occasion Bozarth and the man on the gangway watch had an argument during which Bozarth swung at him, that on other occasions officers of the ship were present when Bozarth was drunk and fighting, that these officers turned their backs to the fight, that whenever Bozarth came aboard the ship he brought bottles with him, that plaintiff actually saw him with the bottles two or three times, that on other vessels such drinking never took place, that Bozarth always put out a bottle in his room before suppertime, that during

plaintiff's six years' experience as a seaman, members of the crew were not permitted to take liquor aboard ship. He also testified that the captain of the Hibueras was drunk and wobbly when he reported to him for treatment for his injury, that the rules and regulations of the ship and of the Coast Guard were posted on the ship's bulletin board and that these rules forbade the bringing of liquor aboard the ship.

■ The facts that the rules and regulations forbade the bringing of any liquor aboard the ship, that Bozarth brought liquor aboard the ship, that he was drunk on several occasions aboard ship and engaged in fights, that officers seeing him fight walked away, that the captain was drunk when plaintiff went on the bridge for treatment for his injury, that Bozarth had been drinking in the messroom, would, in the opinion of the court, be sufficient to enable a jury to find that the lack of discipline was a proximate cause of the injuries sustained by the plaintiff. See Jensen v. U. S., 3 Cir., 184 F.2d 72, 75; Boudoin v. Lykes Bros. S.S. Co., D.C., 112 F.Supp. 177, 180. Restatement of Torts, Sec. 317 and comments. The motion for a directed verdict accordingly must be denied and a new trial granted of the cause of action for negligence.

, It does not appear that Bozarth was not "equal in disposition and seamanship to the ordinary man in the calling." Jones v. Lykes Bros. Steamship Co., 2 Cir., 204 F.2d 815, 817; Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515; Koehler v. Presque-Isle Transportation Corp., 2 Cir., 141 F.2d 490. Nor does it appear that Bozarth's disposition was such as created a hazard aboard the vessel. Jones v. Lykes Bros. Steamship Co., supra; Keen v. Overseas Tankship Corp., supra.

■ The Court of Appeals for this Circuit in the case of Jones v. Lykes Bros. Steamship Co., supra, 204 F.2d 817; stated that "Sailors lead a rough life and are more apt to use their fists than office employees; what will seem to sedentary and protected persons an insufficient provocation for a personal encounter, is not the measure of the 'disposition' of 'the ordinary men in the calling.'" The plaintiff did not prove that Bozarth was of a "vicious and belligerent nature". That Bozarth has occasional "tussles" with other seamen aboard the ship, that Bozarth drank aboard the ship and occasionally was drunk does not establish that his disposition was such as created a hazard aboard ship. Cf. McDonough v. Buckeye S.S. Co., D.C., 103 F.Supp. 473, at page 475.

Taking all the evidence of Bozarth's disposition in the light most favorable to the plaintiff, he still has failed to introduce sufficient evidence to justify a verdict in his favor on the first cause of action. Cf. 5 Moore's Federal Practice 1044; Sivert v. Pennsylvania Ry. Co., 7 Cir., 197 F.2d 371.

Accordingly a verdict must be directed in favor of the defendant on the first cause of action for damages for the alleged breach of warranty of· seaworthiness.

■ Plaintiff's third cause of action is for maintenance and cure. The parties having stipulated at the trial that nothing was paid by the plaintiff for his cure, there remains for determination only the extent of the liability for maintenance on the third cause of action. The motion for a directed verdict accordingly must be denied.

· Order in accordance herewith should be submitted on notice.