**Antonio GOMES**

v.

**EASTERN GAS AND FUEL ASSOCIATES.**

**Civ. A. No. 53–1004**

United States District Court
D. Massachusetts.

June 3, 1955.

Nathan Greenberg, Boston, Mass., for plaintiff.

Seymour P. Edgerton, Bingham, Dana & Gould, Boston, Mass., for defendant.

ALDRICH, District Judge.

The essential facts in this seaman's action for maintenance and cure were largely stated in the previous opinion overruling the defendant's motion for summary judgment, reported in D.C., 127 F.Supp. 435. Thereafter the case was tried, and the jury having found for the plaintiff, the defendant moves under Rule 50 for judgment n. o. v., or, for a new trial. Essentially two grounds are involved in the motions.

The defendant construes my former opinion, placing the burden on the plaintiff to separate out from the cash settlement received from the third party who caused him his injury the items which were not applicable to maintenance and cure, as requiring affirmative proof in terms of specific dollar amounts. I intended no such impossible burden, but simply, the same burden of proof that would have existed in any personal injury action when a plaintiff must satisfy a jury as to the various elements of damage. In an ordinary case the plaintiff gets nothing, except such items as he is able to establish. In this case, the plaintiff's gross recovery was to be reduced by the full amount of his cash settlement, less such amounts as he satisfied the jury should be allocated to other matters. In other words, I shifted the burden as to payment, customarily on the defendant, to the plaintiff, and no more. If my former opinion indicated something additional, this was an error of expression. The charge stated my intended meaning, and further consideration does not cause me to change it.

The defendant's second point is more troublesome. Maintenance and cure to the date of trial was stipulated at approximately $10,350. The jury found for the plaintiff in the amount of $16,850. Even if it be assumed that this sum was gross and had not been reduced by any sum attributable to the third party settlement, an unwarranted assumption, it would mean that at $8 a day the jury gave the plaintiff maintenance for 2 years and 82 days beyond the trial. The plaintiff stated at the argument on the motions that probably the jury took, gross, a period of 3 future years, as partially testified to by his expert. This

would attribute $2,260. to the settlement. Not only is this an odd figure, but in my opinion it approaches, if it does not reach, being unconscionably small.

The settlement, which was $15,000, was necessarily intended to cover, (a) Past medical bills of $4,000, not here sought, (b) future medical bills of $1,170, here sought; (c) past and future pain and suffering; (d) past wages of $6,000; (e) future earning capacity. The relationship between maintenance and lost earnings is hard to define. However, it would seem that the latter necessarily includes the former to the extent that the time coincides. In other words, if a seaman lost wages for a specified period, only, and was entitled to maintenance for the identical period, and recovered the wages, I would feel that the obligation of daily maintenance had been satisfied.

In this case it has been stipulated that the plaintiff was entitled to maintenance to the date of trial, or some 3½ years. Therefore, whatever he received in the settlement attributable to wages covered this item unless at the time of settlement no such large period of disability was paid for. It is possible that the charge did not make this adequately clear to the jury. Of course the computation is not this simple, and also it does not take into consideration the amount of the settlement attributable to the unliquidated element of pain and suffering for which the defendant is entitled to no credit. It was only because the nature and extent of the injuries caused me to feel that the jury could find that the settlement was not enough to cover all these items completely that I did not rule as a matter of law that the plaintiff had been paid in full. On the other hand, to say that he was paid only $2,300 seems questionably small.

There is a further element that must be considered. As already observed, the jury allowed well in excess of 2 years, and possibly in excess of 3 years future maintenance. Even if the evidence were persuasive that the plaintiff would continue to improve under care for 3 more years, I doubt whether under Calmar Steamship Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993, that that much future maintenance should now be awarded. The evidence in fact was less definite than that. Furthermore, it cannot be known whether 3 future years is the total period the jury took. It may have given more, and deducted more. This possibility is manifest from the fact that even 3 years exceeded what the charge permitted, indicating inescapably that a mistake of some kind occurred.

The date the jury took is a matter of considerable importance, since under the Calmar case the plaintiff, if he continues to be entitled to maintenance beyond the period to which the present verdict takes him, may bring another suit. I believe that it would be unfair to both parties to leave the matter entirely speculative as to the ultimate date the jury selected.

All of these factors added together lead to the inescapable conclusion that the verdict should be set aside. The defendant's motion for judgment is denied. Its motion to set the verdict aside and grant a new trial is allowed.