Joseph STANKIEWICZ, Plaintiff-Appellant,

v.

UNITED FRUIT STEAMSHIP CORPORATION, a corporation, and United Fruit Company, a corporation, Defendants-Appellees.

No. 102, Docket 23477.

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1955.

Decided Jan. 30, 1956.

Milton Garber, Hoboken, N. J. (Baker, Garber & Chazen, Hoboken, N. J., of counsel and Nathan Baker, Attorney, Hoboken, N. J., on the brief), for plaintiff-appellant.

Benjamin E. Haller, New York City (Burlingham, Hupper & Kennedy and Eugene Underwood, New York City, Attorney, on the brief), for defendant-appellee.

Before SWAN, FRANK and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

Plaintiff, a seaman on defendant's vessel, the Hibueras, brought this action on the law side of the District Court joining counts for negligence under the Jones Act, 46 U.S.C.A. § 688, unseaworthiness, and maintenance and cure. He alleged that one Bozarth, a fellow seaman, struck him with a jacket, the zipper of which hit and injured his eye. The plaintiff also alleged diversity of citizenship. The case was tried before Judge Bondy and a jury which disagreed. Judge Bondy had reserved decision on defendant's motion for a directed verdict. He granted it as to the unseaworthiness count, but denied it as to the other two and ordered a new trial on those two counts. The new trial was had before Judge Edward P. Murphy and a jury, and he directed a verdict on both counts. Plaintiff has appealed, challenging the rulings on all three counts.

■■ The unseaworthiness and maintenance and cure counts can be readily disposed of. An examination of the record before Judge Bondy reveals that he properly directed a verdict on the unseaworthiness count. Although it is undoubtedly true that a seaman with vicious and dangerous propensities may make a ship unseaworthy, Boudoin v. Lykes Brothers Steamship Co., Inc., 1953, 348 U.S. 336, 75 S.Ct. 382, 99 L. Ed. 354, there was no evidence before Judge Bondy to support a jury finding that Bozarth was such a person. The only evidence on this point was the plaintiff's rather vague testimony that Bozarth often drank and that when he drank he was "belligerent, boisterous, loud, picking on somebody, started fights sometimes." When asked why he called Bozarth belligerent, the plaintiff replied: "Well, he was argumentative." He am-

plified further by saying that Bozarth "argued with you and picked on you and told you you were no good and things like that, you know, to aggravate you. He was against you." When pressed further the plaintiff testified that Bozarth engaged in two fights that he knew of, one in which he took a swing at the gangway watch. The other one was an altercation with a mess boy as to which the plaintiff knew very little. The defendant, of course, countered with evidence that Bozarth was a man of exemplary disposition. Even though it be viewed with the utmost sympathy, the plaintiff's evidence was insufficient to establish that Bozarth was "a seaman with a wicked disposition, a propensity to evil conduct, a savage and vicious nature". Boudoin v. Lykes Brothers Steamship Co., Inc., supra, 348 U.S. at page 340, 75 S.Ct. at page 385. There was nothing to show that Bozarth was not equal in disposition to the ordinary men of his calling. Jones v. Lykes Bros. Steamship Co., 2 Cir., 1953, 204 F.2d 815, certiorari denied 346 U.S. 857, 74 S.Ct. 72, 98 L.Ed. 370.

■ On the maintenance and cure count the verdict was properly directed because there was no proof that the plaintiff had spent anything for his maintenance and cure. Where the plaintiff has spent nothing, he can recover nothing. Johnson v. United States, 1948, 333 U.S. 46, 50, 68 S.Ct. 391, 92 L.Ed. 468; Field v. Waterman S. S. Corp., 5 Cir., 1939, 104 F.2d 849.

■ On the negligence count, however, the case should have gone to the jury. The evidence showed that the plaintiff was injured on the evening of February 3, 1949 while the ship was in Chesapeake Bay after leaving Baltimore. Bozarth, an electrician on the Hibueras, had invited the plaintiff and two other crew members to come to his room for a going away drink. While the plaintiff was sitting at a desk in the electrician's room Bozarth entered and, finding his clothes tied in knots, he struck the plaintiff on the head with a jacket. There was evidence from which the jury

**582**

might have found that the ship's officers were lax in enforcing the rule against bringing liquor aboard ship. There was evidence that this rule was promulgated by the Coast Guard, that it was adopted and posted aboard the Hibueras, and that it was a rule customarily enforced aboard ships. There was also evidence which would support a jury finding that Bozarth's attack was an act of viciousness induced by intoxication rather than ordinary horseplay in response to a prank. The plaintiff testified that he saw Bozarth drinking in the messroom a few minutes before the incident described above; and although he only saw Bozarth empty out a very little remaining in the bottle, this does not indicate that that was all he drank. The plaintiff also testified that Bozarth was "staggering around," that he was "staggering and wobbly," that "his face was flushed; he was angry about it," that he "staggered up against the wall," and that "he had liquor on his breath." Under these circumstances we are constrained to agree with Judge Bondy's conclusion on an apparently similar record at the first trial that there was a case for the jury. 123 F.Supp. 714, 716. There was sufficient evidence to support a jury's finding that the ship's officers had failed to exercise ordinary care in protecting the safety of the crew and that their negligent laxity in enforcing the liquor rule was the proximate cause of the plaintiff's injury. Cf. Jensen v. United States, 3 Cir., 1950, 184 F.2d 72; United States Lighterage Corp. v. Petterson Lighterage & Towing Corp., 2 Cir., 1944, 142 F.2d 197; Koehler v. Presque-Isle Transport Company, 2 Cir., 1944, 141 F.2d 490, certiorari denied 1944, 322 U.S. 764, 64 S.Ct. 1288, 88 L.Ed. 1591; Restatement of Torts § 317, Comment b.

The judgment on the count for negligence is therefore reversed; the disposition of the other two counts is affirmed.

SWAN, Circuit Judge (dissenting in part).

I concur in affirmance of the judgment as to the unseaworthiness and maintenance and cure counts. In my opinion, for the reasons stated by Judge Murphy in granting the motion for a directed verdict, there should also be affirmance as to the negligence count.