Jose A. PEREZ, Plaintiff-Appellant-
Appellee,

v.

SUWANEE STEAMSHIP CO., and Orion Shipping & Trading Co., Inc., Defendants-Appellees-Appellants.

No. 59, Docket 24005.

United States Court of Appeals
Second Circuit.

Submitted Nov. 9, 1956.

Decided Dec. 10, 1956.

Henry Isaacson, New York City, Walter J. Klein, New York City, for plaintiff.

Allan A. Baillie, Nelson, Healy, Baillie & Burke, New York City, Richard T. O'Connell, New York City, of counsel, for defendant.

Before HAND, MEDINA and LUMBARD, Circuit Judges.

PER CURIAM.

 Even though we assume that, because of the plaintiff's obviously disturbed mental state, the master should have done more than merely to take away his glasses and send him below, Reck v. Pacific-Atlantic S.S. Co., 2 Cir., 180 F.2d 866, there is no evidence that except for the cut of his wrist he suffered any injury from this neglect. The cut was indeed an injury for which the ship is liable: but of it Judge Walsh said that "The damage to the wrist was inconsequential. As far as I can see, that has left no impairment whatever. If there had been damage to the wrist, we might have had a more difficult question." We are therefore disposed to treat the cut as a case of *de minimis,* and for that reason we affirm the judgment on the first and second claims for relief.

The third claim is for maintenance and cure, and we agree that it would have been altogether unwarranted to hold that the plaintiff's failure to disclose his mental condition at the time he shipped aboard should disable him from recovery. Lindquist v. Dilkes, 3 Cir., 127 F.2d 21; Tawada v. United States, 9 Cir., 162 F.2d 615; and Ahmed v. United States, 2 Cir., 177 F.2d 898. We cannot, however, agree with the refusal to deduct from the award the wages earned by the plaintiff as dishwasher during the period of his incapacity. In Wilson v. United States, 229 F.2d 277, 281, we held that when "a seaman can and does obtain part-time work sufficiently similar to his regular employment, he must show some reason why he has not secured such employment for the entire convalescence period." That obviously presupposed that any wages earned during such employment were to be deducted; and in the case at bar, although it may be argued that dishwashing was not "sufficiently similar" to the work of a seaman to be counted, it is answer enough that the plaintiff accepted the job. The remedy of maintenance is to put the seaman in as good a position as to board and lodging as he would have been in, if he had not become ill. If what he earned is added to the full allowance, he will get something more in addition to his maintenance.

Interest should run on each day's allowance from the day it became due.

Judgment modified by reducing the allowance by the amount of the wages earned by the plaintiff as dishwasher, and otherwise affirmed, with interest computed as aforesaid.