Albert REARDON, Plaintiff-Appellee,

v.

CALIFORNIA TANKER COMPANY,
Defendant-Appellant.

No. 53, Docket 24583.

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1957.

Decided April 7, 1958.

On Petition for Rehearing Nov. 6, 1958.

C. Dickerman Williams and Robert M. Makla, of Maclay, Morgan & Williams, New York City, for appellant.

Harry Ruderman, John Gleason, Harvey Goldstein, John Robinson, Louis R.

Harolds, and Standard, Weisberg, Harolds & Malament, New York City, for appellee.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by defendant from a judgment for plaintiff after trial to a jury in an action brought under the Jones Act, 46 U.S.C.A. § 688, to recover damages for personal injuries sustained by plaintiff while employed as a seaman on defendant's vessel. The question presented by the appeal is whether the court erred in excluding evidence that defendant had paid plaintiff, pursuant to a collective bargaining agreement with the seamen's union, for maintenance and cure.

Plaintiff's suit claimed damages of $10,000 for an injury alleged to have been caused by defendant's negligence. The complaint made no demand for maintenance and cure, and defendant's answer made no reference to that subject.[1] The facts established at the trial are simple and undisputed. As a result of his injury, plaintiff was incapacitated for work from August 30, 1955, when he signed off the vessel at the end of the voyage, to November 10, 1955, when he was pronounced fit for duty. He incurred no expenses for medical treatment, and his loss of earnings during the 72 day period of his convalescence could not exceed $831, computed on the basis of his wages at the time of the accident.

During the trial, but not in the presence of the jury, defendant's counsel offered to prove that defendant had paid plaintiff for maintenance and cure for the 72 day period at the rate of $8 per day pursuant to its collective bargaining agreement with the union, a total of $576. The court ruled the evidence to be inadmissible and directed defense counsel to ask no questions on the subject.

■ In his charge the judge instructed the jury that, if they found the plaintiff entitled to a recovery, only two items of damage were to be considered, namely, loss of wages, which could not exceed $831, and compensation for pain and suffering resulting from the injury. He further charged that "no other element may be used in computing the damages which you may award plaintiff. For example, you may not take into consideration the cost of his room and board during his period of convalescence. These items have been disposed of and adjusted by the parties and are not in the case for your consideration." The jury returned a general verdict of $1,600, and judgment was entered thereon.[2]

■ A seaman who falls sick or is injured while in the service of the ship is entitled to receive from the ship, or its owner, maintenance and cure, and wages to the end of the voyage.[3] Maintenance means keep, that is food and lodging. "The maintenance exacted is comparable to that to which the seaman is entitled while at sea [citations omitted] and 'cure' is care, including nursing and medical attention during such period as the

1. The answer denied negligence and alleged as affirmative defenses assumption of risk and contributory negligence.

2. Thereafter defendant moved under Rule 15(b) F.R.C.P., 28 U.S.C.A. to amend its answer to allege as an affirmative defense and in diminution of damages the facts which it had offered to prove as to payment of maintenance and cure. This motion was denied chiefly on the ground that it was unnecessary, since the record as made adequately protected defendant's right to raise on appeal the court's ruling as to the excluded evidence. We agree that it does.

In denying the motion Judge Herlands delivered an unreported opinion which gives not only his reasons for denying the motion but also his reasons for excluding the evidence.

3. "For ocean going ships, the rule is said to be that wages are recoverable for the balance of the voyage * * *. In coastwise shipping it is customary to sign on crew members not for a voyage but for a period of time, and recovery of wages until the end of term is regularly granted." See Gilmore and Black, The Law of Admiralty 268, and cases there cited.

duty continues."[4] The rights to maintenance and cure exist not only during the voyage but continue after the voyage ends until the disabled seaman has been so far cured as possible.[5] During such period he is entitled to reimbursement of expenses incurred for maintenance and cure; but if he incurs no expenses for food and lodging he can recover nothing for "maintenance" and if he has no medical expenses he has no claim for "cure."[6] These rights, together with the right to receive wages during the period for which he was employed, arise from the employment contract, and are separate from, and independent of, any right the seaman may have based on the fact that his injury resulted from negligence chargeable to his employer, or from unseaworthiness of the vessel. By the Jones Act a seaman injured by negligence chargeable to his employer was given an independent right against the employer.[7]

Although the injured seaman may have cumulative claims, one based on contract, the other on tortious conduct, it is obvious that he should be compensated but once for the loss which he has sustained. This principle has usually been discussed in suits for maintenance and cure brought after the seaman had already had recovery in a suit brought under the Jones Act.[8] In Muise v. Abbott, 1 Cir., 160 F.2d 590, where the seaman appealed from a judgment allowing him only partial relief in a libel for maintenance and cure, the court said at page 592 that "the damages recoverable in each action to some extent overlap, and the rule prevails in admiralty as elsewhere in the law that no one may recover compensatory damages more than once." In Robinson v. Isbrandtsen Co., 2 Cir., 203 F.2d 514, 516, we vacated a judgment for the plaintiff on the third count, which was for maintenance and cure, because the judgment on the first count, based on the Jones Act, "presumably covered lost wages, since there was testimony on this subject which the jury was told to consider."

In the case at bar the problem presented is whether exclusion of the proffered evidence may have permitted the plaintiff to recover damages in excess of those actually sustained. If so, the evidence was relevant and should have been admitted.

In Perez v. Suwanee S.S. Co., 2 Cir., 239 F.2d 180, it was held to be error to refuse to deduct from the award for maintenance wages earned by the seaman as a dishwasher during the period of his alleged incapacity. The opinion states, page 181:

"The remedy of maintenance is to put the seaman in as good a position as to board and lodging as he would have been in, if he had not become ill. If what he earned is added to the full allowance, he will get something more in addition to his maintenance."

In the present case the jury's verdict awarded plaintiff $1600.[9] Under the court's instructions that the jury might allow not more than $831 for lost earn-

---

4. The quotation is from the opinion of Mr. Justice Stone in Calmar S.S. Corp. v. Taylor, 303 U.S. 525, at page 528, 58 S.Ct. 651, 653, 82 L.Ed. 993.

5. Farrell v. United States, 336 U.S. 511, at pages 517–519, 69 S.Ct. 707, 93 L.Ed. 850.

6. Johnson v. United States, 333 U.S. 46, 50, 68 S.Ct. 391, 92 L.Ed. 468; Stankiewicz v. United Fruit S.S. Corp., 2 Cir., 229 F.2d 580, 581; Field v. Waterman S.S. Corp., 5 Cir., 104 F.2d 849, 851.

7. Pacific S.S. Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220.

8. See Smith v. Lykes Brothers Ripley S.S. Co., 5 Cir., 105 F.2d 604, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505; Muise v. Abbott, 1 Cir., 160 F.2d 590; McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 727; Robinson v. Isbrandtsen Co., 2 Cir., 203 F. 514; Gomes v. Eastern Gas Associates, D.C.Mass., 132 F.Supp. 29, 30, 31.

9. Since the jury returned a general verdict, it may well be doubted whether the judgment could be reversed, if the trial were conducted without error. However, the question before us is whether the evidence was rightly excluded.

ings, it may be "presumed" that something was allowed for this item of damages.[10] Hence this is the converse of the Perez situation. There the shipowner was held entitled to reduce the allowance for maintenance by the excess of the amount paid for maintenance over the amount actually expended for this item of damages. Here the shipowner claims to be entitled to reduce the jury's award for lost earnings. There is no proof whether plaintiff incurred any expense for food and lodging during his period of convalescence after the voyage ended. If the jury awarded the plaintiff $831 for lost wages, and plaintiff actually paid out less than $576 for his food and lodging, the plaintiff has been awarded "double compensation" to the extent of the excess. If the jury awarded less than $831 for lost wages, but their award for this item, plus the $576, exceeded plaintiff's actual expenses for maintenance and the amount of his lost wages, he has still been overpaid. By directing defendant's counsel to ask no questions on the subject of maintenance the court precluded defendant from proving any overpayment.

It seems strange that the precise point has apparently been litigated only once. We have found no case precisely in point other than that cited by counsel for appellant, namely, Guay v. American President Lines, Ltd., 81 Cal.App.2d 495, 184 P.2d 539, 553, also reported in 1949 A.M.C. 1890.[11] There, as here, in an action under the Jones Act, evidence offered to prove payment of maintenance was excluded. The court held: "The defendant should have been permitted to show that in fact plaintiff 'earned' through 'maintenance' paid to him the sum of $539. * * *." We agree with that decision, and think that error was committed in the case at bar in excluding the proffered evidence and directing counsel to ask no questions on the subject.

Accordingly the judgment is reversed and the cause remanded for a new trial to be conducted in conformity with this opinion.

MEDINA, Circuit Judge (dissenting).

I dissent because, in my opinion, any evidence of the maintenance and cure payments made by the appellant pursuant to the terms of the collective bargaining agreement was totally immaterial to the question of the amount of damages recoverable by the appellee in the case at bar.

In this suit, brought under the Jones Act, 46 U.S.C.A. § 688, the appellee claimed that he was injured while a seaman in the employ of the appellant, and that such injury resulted solely from the appellant's negligence or the unseaworthiness of the vessel. Appellee sought to recover for loss of wages from August 30, 1955, the date of his signing off the appellant's ship, through November 10, 1955, when he was certified fit for duty, and for pain and suffering due to the injury. In the course of the trial the appellant sought to introduce evidence, in order to reduce the amount of the appellee's possible recovery, to show that the company paid the appellee maintenance and cure at the rate of $8 a day, a total of $576, pursuant to a collective bargaining agreement with the appellee's union which established that rate. The trial court ruled that the evidence was inadmissible as likely to confuse and prejudice the jury, but instructed the jury that in considering the amount of the appellee's damages they were "not (to) take into consideration the cost of his room and board during his period of convalescence." On the basis of the appellee's earnings prior to the date of his injury, the court also charged the jury that they could award the appellee as much as, but no more than, $831 for his lost wages. The jury returned a general verdict awarding the appellee $1,600.

---

10. Robinson v. Isbrandtsen Co., 2 Cir., 203 F.2d 514, 516.

11. Somewhat analogous, but not involving maintenance, is United States v. Brooks, 4 Cir., 176 F.2d 482, upon which appellant also relies.

The appellant, in appealing from the trial court's refusal to admit evidence regarding the maintenance and cure payments, bases its claim on two contentions. First, it argues that, since an injured seaman suing in tort for compensatory damages cannot secure a double recovery for his lost wages, the maintenance and cure payments are admissible in mitigation of damages. The appellant's second contention is that Section 5 of the Federal Employer's Liability Act, 45 U.S.C.A. § 55, which provides "(t)hat in any action brought against any * * * common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought" and which is applicable to the case at bar by virtue of 46 U.S.C.A. § 688, permits that the amount paid for maintenance and cure be set off against the tort claim of the injured seaman. Although this latter point is not mentioned in the majority opinion in reversing the decision of the court below, it is necessary to consider both of the appellant's contentions in order to affirm the result in the trial court. Each of these arguments is, in my opinion, without merit.

■■ Without needlessly repeating the review of the law with regard to the rights of an injured seaman which is amply set forth in the majority opinion, there are certain distinctions between the seaman's rights under general maritime law and his rights under the Jones Act which must be borne in mind. Under general maritime law a seaman who becomes ill or is injured during the course of his employment is entitled to maintenance and cure at the expense of the shipowner. These rights are part of the consideration for the seaman's agreement to work on the ship, and thus are not predicated on a claim that the illness or injury was due to negligence or the unseaworthiness of the vessel.

Under the Jones Act an injured seaman may assert a claim against the shipowner on the ground that the latter was negligent and join therewith a claim based on the unseaworthiness of the vessel. This tort claim is in addition to, and independent of, the seaman's right to maintenance and cure. Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

■■ It is in the application of these principles to the case at bar that I disagree with the views of my brothers. The majority opinion apparently completely disregards the fact that the maintenance and cure payments made to the appellee were made pursuant to the provisions of a collective bargaining agreement with the appellee's union. Thus, while it is undoubtedly sound law that, absent such an agreement, a seaman who spends no money for his lodging and medical care as the result of an injury cannot recover any sum from the shipowner for maintenance and cure, Johnson v. United States, 333 U.S. 46, 50, 68 S.Ct. 391, 92 L.Ed. 468; Stankiewicz v. United Fruit S. S. Corp., 2 Cir., 229 F.2d 580, 581; Field v. Waterman S.S. Corp., 5 Cir., 104 F.2d 849, 851, unless the provision in the collective bargaining agreement which fixed a rate for maintenance and cure payments is void, this rule of law has no bearing on the case at bar. There is no intimation in the majority opinion that the maintenance and cure provision is invalid, and indeed there would seem to be no sound reason for such a holding.

■ Since the appellee was entitled, under the union contract, to the maintenance and cure payments, I turn to another possible ground for reversal. The appellant contends that those payments, plus the amount awarded the appellee by the jury, constituted a "double recovery." In my opinion, however, they did not amount to excessive compensation because the verdict did not include recovery for board and lodging and there was no claim submitted by the appellee for medical expenses. If the appellee actually spent more than $576 for expenses

within the category of maintenance and cure, he would have no claim against the shipowner for this excess because of the rate fixed by the contract. Likewise, if he spent less than this amount the shipowner cannot be heard to claim a "rebate" after having agreed to the rate in the contract. The right to maintenance and cure payments was separate and distinct from the appellee's claim for lost wages and pain and suffering due to the injury, and thus payments actually made for maintenance and cure in no way affected the amount to which the appellee was entitled in his suit under the Jones Act.

In other words, the maintenance and cure claim had been disposed of because appellee had no medical expenses and his maintenance had been paid as provided in the collective bargaining agreement; the claim asserted in this action under the Jones Act was for wages, in a sum not to exceed $831, and for compensation for his pain and suffering; the amounts paid pursuant to the terms of the collective bargaining agreement were quite irrelevant to the claim for wages or that based on pain and suffering; and the trial judge properly and wisely refused to take evidence of these payments and instructed the jury to confine themselves on the subject of damages to lost wages and pain and suffering. With all deference to my brothers I think a basic error in their reasoning is the connection they see between appellee's claim for lost wages and the maintenance payments made pursuant to the terms of the collective bargaining agreement. In my view the two bear no relation whatever one to the other. And I think that to the extent that Guay v. American President Lines, Ltd., 81 Cal.App.2d 495, 184 P.2d 539, expresses views to the contrary it states bad law and should not be followed. The step now taken by my brothers can only lead to delayed payments, confusion and uncertainty in a phase of the law of seamen's rights that should be as simple and clear as possible.

 Nor do I find any difficulty with our Per Curiam in Perez v. Suwanee

Steamship Co., 2 Cir., 239 F.2d 180, which is quite consistent, I think, with the views above expressed. In Perez the general damage claim was dismissed on the merits, leaving only the claim for maintenance and cure. The trial judge fixed the maintenance to include the entire period of the seaman's "convalescence," despite the fact that he had been gainfully employed during part of that time. In deducting the amount of the earnings from the award we did no more than reaffirm the well settled principle that the purpose of maintenance and cure is to make the seaman whole, "to put the seaman in as good a position as to board and lodging as he would have been in, if he had not become ill." And we added: "If what he earned is added to the full allowance, he will get something more in addition to his maintenance." This is a very different thing from saying that the claim for wages in a Jones Act case is to be diminished by payments made for maintenance and cure.

 Similarly, Section 5 of the F.E. L.A. does not entitle the appellant to set off any portion of the amount paid for maintenance and cure against the verdict recovered below because the jury was specifically instructed not to include an amount for board and lodging in its verdict. In other words, Section 5 prohibits double recovery just as does the case law on this subject and the appellee in the case at bar has not received such excessive compensation.

I would affirm the judgment appealed from.

Before CLARK, Chief Judge, and HINCKS, LUMBARD, WATERMAN, and MOORE, Circuit Judges.

On Petition for Rehearing

PER CURIAM.

A majority of the judges in active service having voted pursuant to 28 U.S.C. § 46(c) for a determination *in banc* of the plaintiff's petition for a rehearing of the judgment of reversal entered herein on April 7, 1958, the determination will be so made. Plaintiff, a seaman, suing un-

der the Jones Act, 46 U.S.C. § 688, had recovered a verdict and judgment of $1,600 for damages for personal injuries, which the panel previously sitting reversed for a new trial, with an opinion written by Judge Swan, concurred in by Judge Waterman, and with a dissenting opinion by Judge Medina. Judges Swan and Medina have not participated in the present decision. A majority of the judges participating concur in the views expressed by Judge Medina in his dissenting opinion. Accordingly the previous judgment of reversal is withdrawn, and the judgment below is affirmed.

The previous ruling was based on a finding of error on the part of the trial judge in holding inadmissible evidence offered by the defendant to prove that it, pursuant to its collective bargaining agreement with the union, had paid plaintiff for maintenance and cure for the 72-day period of convalescence, at the rate of $8 per day, a total of $576. No issue of allowance for maintenance and cure was before the jury, and the judge specifically charged that the jury should not consider the cost of room and board during convalescence. Our previous majority held that if the $576 exceeded plaintiff's actual expenses for maintenance, the defendant should have been allowed to deduct the excess from the alleged damage item of lost wages to avoid "double compensation," and hence that evidence bearing upon this issue should have been admitted. But we agree with Judge Medina that the amount of $8 per day for this item fixed in the collective bargaining agreement was a fair and proper pre-estimate which neither party could repudiate. Hence the defendant could not be heard to say that when it paid plaintiff the agreed-upon amount it had overpaid him.

The parties have presented arguments on the issue whether in this class of cases a claim for maintenance and cure should or should not be heard by the jury along with the Jones Act claim—an issue much mooted by text writers and in other circuits. But as we have just indicated, the issue before us is not one of an affirmative award for that purpose, only of a deduction or refund on a jury award. We may add, however, that we see no reason to depart from our previous rulings in effect holding the form of trial in the discretion of the trial court so long as care is taken to see that double compensation is not allowed. Gonzales v. United Fruit Co., 2 Cir., 193 F.2d 479, 480, note 1; Weiss v. Central R. Co. of N. J., 2 Cir., 235 F.2d 309, 310, note 1.

Judgment of the district court affirmed.

MOORE, Circuit Judge, concurs in the result.

WATERMAN, Circuit Judge (concurring).

I concur in the result. So soon after Perez v. Suwanee S. S. Co., 2 Cir., 1956, 239 F.2d 180, 181, an *en banc* affirmance of the district court's exclusionary ruling should be by a unanimous court. Hence, though I was of the majority that held otherwise in our former decision, I now join with the other active circuit judges of the circuit in such an affirmance. My only excuse for writing any separate remarks is that I do not wish the result reached here to be interpreted as meaning more than the individual facts of this case justify.

Reardon based his libel upon the Jones Act. He alleged that he was injured in the course of his employment due solely to the shipowner's negligence and that by reason thereof the vessel upon which he was employed was unseaworthy. He did not particularize the damages he sought to recover, but they were properly limited to compensation for loss of money wages any incapacity resulting from his injury prevented him from earning, and for his pain and suffering.

In his libel Reardon significantly did not include a count praying for an allowance for maintenance and cure. He appears to have been well satisfied in that particular; and he has successfully prevented his employer from disclosing any

facts relative thereto. His employer sought to prove that pursuant to a collective bargaining agreement it had paid him and he had received $8.00 a day for 72 days as such an allowance in lieu of receiving actual maintenance, and that the total sum so paid exceeded Reardon's actual maintenance expenses. Its purpose was to have this excess money payment credited against the money damages Reardon sought to recover for his loss of money wages.

Reardon sought no adjudication by the district court respecting the sufficiency of the $8.00 a day allowance, or the adequacy of the 72-day duration of these $8.00 daily payments. The district court held that these maintenance payments had no application to damage claims asserted under the Jones Act, the claims that Reardon did present to it for adjudication. It held that inasmuch as the libelant had not sought any allowance for maintenance and cure from the court, the respondent could not show any over-allowances it may have made out of court therefor.

Lest we create further confusion, we should not attempt to ascribe further reasons to support our affirmance than those the court below acted upon. Where the seaman has included a prayer in his libel for the granting of an allowance for maintenance and cure we have permitted shipowners to put in defenses looking toward reductions of the amounts claimed. Perez v. Suwanee S. S. Co., supra; Wilson v. U. S., 2 Cir., 1956, 229 F.2d 277, where Judge Frank said of the nature of the claim for allowance for maintenance and cure, "it is sufficiently 'contractual' so that the seaman has the equivalent of the so-called 'duty' to mitigate damages." Supra at page 281. And when the seaman has expended nothing for the maintenance he seeks the court to allow him, shipowners heretofore have been permitted to show it, thereby preventing the seaman from recovering anything. Johnson v. U. S., 1948, 333 U.S. 46, 50, 68 S.Ct. 391, 92 L.Ed. 468; Field v. Waterman S. S. Corp., 5 Cir., 1939, 104 F.2d 849; Stankiewicz v. United Fruit

S. S. Corp., 2 Cir., 1956, 229 F.2d 580, 581; Williams v. U. S., 228 F.2d 129, 134, certiorari den., 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499; The Bay Mead, 9 Cir., 1937, 88 F.2d 144. By our present decision I would not wish it understood that the decisions I mention are no longer applicable in this circuit.

Moreover, carefully guarded as the mention of it is, I regret the mention in the court's opinion of the varied ways that district judges presently handle claims for maintenance and cure when such claims are coupled in the same libel with Jones Act claims. There was no coupling here