### SUNDBERG v. WASHINGTON FISH & OYSTER CO.

#### No. 10394.

Circuit Court of Appeals, Ninth Circuit.

Nov. 8, 1943.

802

Moulton & Davis, of Portland, Or., and Edgar E. Neal, of Seattle, Wash., for appellant.

Harold A. Seering, McMicken, Rupp & Schweppe, and J. Gordon Gose, all of Seattle, Wash., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Adolph Sundberg as plaintiff in the district court sought damages under the Jones Act, 46 U.S.C.A. § 688, for personal injuries resulting from the alleged negligence of Washington Fish & Oyster Company as defendant, or in the alternative recovery under the rules of maritime law for wages, maintenance and cure. The court granted the defendant's motion for a directed verdict against plaintiff and for the dismissal of the cause with prejudice. Sundberg appeals.

Appellant was a commercial fisherman employed by appellee to fish on shares in Alaskan waters during the 1940 season and started upon the trip to Alaska from Seattle, Washington, on appellee's motorship "Commonwealth," with the understanding that appellant pay no fare but serve one watch a day.

The ship was 110 feet long by 28 feet beam and was so heavily laden that there was little deck passageway. The second day of the voyage Taylor and Varner, two men on the vessel, fired several shots from rifles. The master warned them to put the guns away while in Canadian waters, for, as he said, "we might get into trouble." There was no more shooting in Canadian waters. Thereafter, with full knowledge of the master, several shots a day were fired, generally from the rail or from four to six feet inside the rail. On the fifth day no shooting had taken place until after the appellant had called to Taylor to come on deck to watch the play of some sea lions. Taylor came up and stood directly in front of appellant, while the latter pointed out the lions. At that instant Varner from behind shot at the sea lions, and the rifle bullet hit appellant in the wrist of his extended left arm. Appellant at the trial did not recall whether or not Taylor had his rifle with him at the time of the accident, but he testified that until he was hurt, he did not know that Varner was on deck. Appellant testified that shortly after the accident, the master commented: "So you got it. That is too bad. I knew I should have told the boys about those guns; but you know how it is. I hated to do anything."

It is not denied that appellant was a seaman within the terms of the Jones Act, 46 U.S.C.A. § 688, which provides in part that: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *." By the Jones Act the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, giving to railroad employees a right of recovery for injuries resulting from the negligence of their employer, its agents or employees are made applicable to seamen injured in the course of their employment, O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 38, 63 S.Ct. 488, 87 L.Ed. ——; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 322, 47 S.Ct. 600, 71 L.Ed. 1069. Consequently, the gravamen of a seaman's action for personal injuries is negligence, De Zon v. American President Lines, Ltd., 318 U.S. 660, 63 S.Ct. 814, 87

L.Ed. ——; American Pacific Whaling Co. v. Kristensen, 9 Cir., 93 F.2d 17.

The United States Supreme Court treated the subject of negligence for which a seaman can recover in Cortes v. Baltimore Insular Line, 287 U.S. 367, 377, 53 S.Ct. 173, 176, 77 L.Ed. 368. We quote very briefly from the opinion: "The act for the protection of railroad employees does not define negligence. It leaves that definition to be filled in by the general rules of law applicable to the conditions in which a casualty occurs."

In discussing the Federal Employers' Liability Act in an action involving injuries to a stevedore, the Supreme Court declared, Jamison v. Encarnacion, 281 U.S. 635, 640, 50 S.Ct. 440, 442, 74 L.Ed. 1082: "The act is not to be narrowed by refined reasoning or for the sake of giving 'negligence' a technically restricted meaning. It is to be construed liberally to fulfill the purposes for which it was enacted * * *." Proof of negligence on the part of the shipowner involves at least a showing that under existing circumstances the shipowner or his agents should reasonably have anticipated the danger of bodily injury to a member of the crew. Armit v. Loveland, 3 Cir., 115 F.2d 308; Pittsburgh S. S. Co. v. Palo, 6 Cir., 64 F.2d 198; Wilcox v. United States, D.C.N.Y., 32 F.Supp. 947; The Richelieu, D.C.Md., 27 F.2d 960. In deciding that there was not sufficient evidence to require the case to be sent to the jury, we think the district court erred.

Appellee argues that, aside from the question of negligence, appellant is not entitled to recover because he has failed to show that injury was sustained "in the course of his employment," as specified by the Jones Act. In its brief appellee remarks that: "The pointing out of sea lions to other persons on board the boat does not, by the remotest stretch of the imagination, fall within the purview of any duties of the appellant," nor within the scope of acts incidental to those duties. We disagree.

At the time of the injury appellant was off duty. However, a seaman, because of his inability to leave his ship, is considered to be in the course of his employment if engaged in any matter incidental to his required duties, such as returning to his quarters after securing a drink of water, Holm v. Cities Service Transp. Co., 2 Cir., 60 F.2d 721, returning to his quarters after filling a bucket with water to wash in, States S. S. Co. v. Berglann, 9 Cir., 41 F.2d 456, and occupying the sleeping quarters provided for him, McCall v. Inter Harbor Navigation Co., 154 Or. 252, 59 P.2d 697. "The employment of a seaman includes not only the performance of the physical tasks required of him, but also includes the performance of such ordinary tasks for his own comfort and convenience as are incident to and necessarily connected with the employment." States S. S. Co. v. Berglann, supra, 41 F.2d at page 457. Appellant's presence on deck while off duty falls within the latter category.

Appellant's second and alternative cause of action involves the doctrine of the general maritime law that a seaman injured in the service of the ship is entitled to recovery to the extent of wages, maintenance and cure. Appellee again urges that there is no right to compensation from the employer because the injury occurred at a time when appellant was not in the service of the ship but was engaged in an activity solely of personal interest.

The facts of this case bring it within the recent decision of the United States Supreme Court in Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. ——. In that case the court determined that a shipowner was liable with respect to a seaman who had left his ship for shore leave and was injured on his way between the ship and the street through no culpable misconduct on his part. We quote from page 731 of the opinion in 318 U.S., 63 S.Ct. at page 934, 87 L.Ed. ——: "Unlike men employed in the service on land, the seaman, when he finishes his day's work, is neither relieved of obligations to his employer nor wholly free to dispose of his leisure as he sees fit. Of necessity, during the voyage he must eat, drink, lodge and divert himself within the confines of the ship. In short, during the period of his tenure the vessel is not merely his place of employment; it is the framework of his existence. For that reason, among others, his employer's responsibility for maintenance and cure extends beyond injuries sustained because of, or while engaged in, activities required by his employment. In this respect it is a broader liability than that imposed by modern workmen's compensation statutes. Appropriately it covers all injuries and ailments incurred without misconduct on the seaman's part amounting to ground for forfeiture, at least while he is on the ship,

'subject to the call of duty as a seaman, and earning wages as such.'" The court emphasized that under the maritime law the responsibility of the shipowner was not dependent on any fault or negligence. Again the court was in error in dismissing the second cause of action.

Reversed and remanded.