**Anthony DARBY and Deeva Darby, Plaintiffs,**

v.

**HEATHER RIDGE and Dart Properties, Inc., Defendants.**

Civ. A. No. 91–76896.

United States District Court, E.D. Michigan, S.D.

Aug. 3, 1993.

</div>

E. Michael Morris, Morris & Doherty, P.C., Birmingham, MI, for plaintiffs.

James Anthony Siver, Kevin V.B. Schumacher, Mason, MI, Donald H. Scharg, Robert C. Tice, Bloomfield Hills, MI, for defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL; DENYING DEFENDANTS' MOTION FOR NEW TRIAL; AND GRANTING DEFENDANTS' MOTION FOR REMITTITUR**

GADOLA, District Judge.

Plaintiffs, husband and wife, filed suit against defendants in December 1991, alleging violations of 42 U.S.C. §§ 1981 and 1982 and of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, in connection with the rental of an apartment from defendants. The court granted defendants' summary judgment motion with respect to the first two counts; thus, only the Fair Housing Act counts proceeded to trial. Following a three-day trial, the jury reached a verdict December 15, 1992. The jury awarded plaintiffs a total of $450,000.00, based on $200,000.00 in compensatory damages and $250,000.00 in punitive damages. Judgment was entered January 14, 1993.

On January 28, 1993, defendants filed a motion for judgment as a matter of law or, in the alternative, for new trial and a motion for new trial or, in the alternative, for remittitur. Plaintiffs filed their responses February 26, 1993; and defendants filed replies March 1, 1993. Oral argument was heard June 10, 1993.

---

1. The designation "renewed motion for judgment as a matter of law" replaced the previous term, "judgment notwithstanding the verdict," which

## MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure

Whenever a motion for a judgment as a matter of law made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 10 days after entry of judgment. A motion for a new trial under Rule 59 may be joined with a renewal of the motion for judgment as a matter of law, or a new trial may be requested in the alternative. If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law.

■ The standard for determining a renewed motion for judgment as a matter of law was set forth by the United States Court of Appeals for the Sixth Circuit in *Morelock v. NCR Corp.*, 586 F.2d 1096 (6th Cir.1978).[1]

> The issue raised by a motion [for renewed motion for judgment as a matter of law] is whether there is sufficient evidence to raise a question of fact for the jury. This determination is one of law to be made by the trial court in the first instance. In determining whether the evidence is sufficient, the trial court may neither weigh the evidence, pass on the credibility of the witnesses nor substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inference in his favor. If, after thus viewing the evidence, the trial court is of the opinion that it points so strongly in favor of the movant that reasonable minds could not come to a different conclusion, then the motion should be granted.

was used until December 1, 1991. However, the standard annunciated in *Morelock* is still applicable.

*Id.* at 1104–05 (citations omitted). In short, " '[A] [renewed motion for judgment as a matter of law] may not be granted unless reasonable minds could not differ as to the conclusions to be drawn from the evidence.' " *Id.* at 1104, n. 10 (citation omitted).

In their renewed motion for judgment as a matter of law, defendants again contend, as they did in their June 15, 1992 motion for summary judgment and their motion for judgment as a matter of law at the close of evidence at trial, that plaintiffs failed to submit a *prima facie* case under the Fair Housing Act. That portion of the present motion was fully discussed by the court in its November 6, 1992 order, which denied defendants' motion for summary judgment on the Fair Housing Act counts. 806 F.Supp. 170. On the same grounds the court denied defendants' motion for judgment as a matter of law at the close of evidence at trial. For the reasons stated in the court's November 6, 1992 order and reiterated on the record at the close of evidence, the court again finds that defendants' argument is unpersuasive. In accordance with its two previous rulings, the court finds no basis on this issue upon which to grant defendants' renewed motion for judgment as a matter of law or, in the alternative, for new trial.

The second basis for defendants' motion is their contention that the trial record does not support an award of punitive damages. Defendants contend that "punitive damages should **not** be awarded against the company (principal) for the discriminatory conduct of its employees (agents)." Defendants' br. at 10 (emphasis in original). In *Marr v. Rife*, 503 F.2d 735 (6th Cir.1974), the Sixth Circuit found only that "the discriminatory act of [one employee] was in itself insufficient to show that [the employer] had failed to prevent discrimination by his salespeople." *Id.* at 744.

Defendants also rely on *Fort v. White*, 530 F.2d 1113 (2d Cir.1976), in which the Second Circuit noted that

It is generally recognized that punitive damages are assessed against an employer for the torts of his employee only where the former 'in some way authorized, ratified or fostered the acts complained of.'

*Id.* at 1117 (citation omitted). However, the opinion continues

The court below properly observed that '[t]he employer himself must be shown to have acted *or failed to act* to prevent known or wilfully disregarded actions of his employee to be liable in punitive damages.'

*Id.* (emphasis added). In *Fort*, the court found that there was no evidence to show that the employer was aware of its employee's discriminatory behavior and that there was no evidence that anyone else in the employer's company had similar discriminatory behavior. In addition, the employer testified "(without any cross-examination at all)" that he had no knowledge or policy of racial discrimination in buildings his company managed. *Id.* Finally, there was testimony that the employees who had discriminated had been "relieved of all responsibility for showing or renting apartments after this suit was filed and one was thereafter terminated." *Id.*

■ In the case at bar, however, there was evidence submitted to the jury regarding the employer's inconsistent statements about whether its employees received any training concerning civil rights laws. From this a jury could reasonably draw inferences that the defendants had "failed to act to prevent known or wilfully disregarded actions of [its] employees." *Id.* In addition, testimony was presented at trial regarding other potential renters' treatment at defendants' complex. From that testimony a jury could reasonably draw inferences that defendants had a policy or pattern of discrimination.

Accordingly, the court finds that because reasonable minds could differ as to the conclusions to be drawn from the evidence, defendants' renewed motion for judgment as a matter of law or, in the alternative, for new trial must be denied.

### MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, FOR REMITTITUR

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure

A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in action at law in the courts of the United States....

The Sixth Circuit has stated the principles governing a motion for new trial as follows:

> In ruling upon a motion for a new trial based on the ground that the verdict is against the weight of the evidence, a district judge must compare the opposing proofs and weigh the evidence ... and 'it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that the verdict is against the clear weight of the evidence....'
>
> \* \* \* \* \* \*
>
> '[C]ourts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusion or because judges feel that other results are more reasonable.' ... Thus, while the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached.

*Bruner v. Dunaway,* 684 F.2d 422, 425 (6th Cir.1982) (citations omitted).

Regarding a court's determination on a motion for remittitur, the Sixth Circuit has stated

> It has long been the rule that a federal district court has the power to condition the denial of a motion for a new trial upon consent to a remittitur.... An abuse of discretion in granting a remittitur will be found 'only where the quantum of damages found by the jury was clearly within 'the maximum limit of a reasonable range'.'

*Smith v. John Swafford Furniture Co., Inc.,* 614 F.2d 552 (6th Cir.1980) (citations omitted).

Defendants' motion for new trial or, in the alternative, for remittitur is based on the following reasons: 1) that the damages award was grossly excessive, 2) that the verdict was against the great weight of the evidence, 3) that the jury instruction on punitive damages was inappropriate and incomplete, and 4) that the "gross excessiveness" of the award indicates that it was reached in an improvident manner.

■ The court finds defendants' arguments for a new trial unpersuasive. The verdict was not against the great weight of the evidence. The jury instruction to which defendants now object was stipulated to before the jury was instructed by the court. Rule 51 of the Federal Rules of Civil Procedure states

> No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the ground of the objection.

Thus, the court will deny defendants' motion for new trial. The court, however, will condition that denial upon consent to a remittitur.

> [I]n appropriate cases reductions in awards may well be justified even when the amount in controversy does not necessarily 'shock the conscience,' but rather leaves us with 'the definite and firm conviction that a mistake has been committed' resulting in plain injustice.

*Never v. United States,* 845 F.2d 641, 645 (6th Cir.1988) (citation omitted).

■ One factor to be considered in determining whether to set aside an award of damages is whether the award is out of line with awards in similar cases. *Levka v. City of Chicago,* 748 F.2d 421 (7th Cir.1984); *Wilson v. Beebe,* 743 F.2d 342 (6th Cir.1984). The court is fully aware that "the assessment of damages, especially for intangible harms such as humiliation and distress, is inescapably judgmental and subjective to a large degree, and to that degree therefore discretionary...." *Hunter v. Allis Chalmers Corp.,* 797 F.2d 1417, 1425 (7th Cir.1986). The court is also mindful of the Sixth Circuit's admonition to appellate courts that they "should not attempt to reconcile widely varied past awards for analogous injuries 'which in the abbreviated appellant decisions of them seem somewhat similar.'" *Moody v. Pepsi–Cola Metro. Bottling Co., Inc.,* 915 F.2d 201 (6th Cir.1990).

■ However, in reviewing damage awards from other Fair Housing Act cases, the court finds that the jury's $200,000.00 award in compensatory damages is not within the maximum limit of a reasonable range. In *Phillips v. Hunter Trails Community Ass'n*, 685 F.2d 184 (7th Cir.1982), a black businessman and his wife had each been awarded $25,000.00 in compensatory damages for humiliation and embarrassment they suffered as victims of housing discrimination. The Seventh Circuit reduced the award in compensatory damages to $10,000.00, noting that damages for intangible injuries to victims in housing discrimination cases usually range between $500.00 and $5,000.00. *Id.* at 190. The court upheld the trial court's award of $50,000.00 in punitive damages for each of the plaintiffs.

In *Douglas v. Metro Rental Servs.*, 827 F.2d 252 (7th Cir.1987), the Seventh Circuit reduced a plaintiff's $40,000.00 award for compensatory damages to $10,000.00. The same appellate court upheld a $12,500.00 compensatory award in *Hamilton v. Svatik*, 779 F.2d 383 (7th Cir.1985). The court commented that although the award was close to being excessive, it did not "shock the conscience." *Id.* at 389.

The Seventh Circuit recently affirmed $50,000.00 in compensatory damages and $100,000.00 in punitive damages in *Littlefield v. McGuffy*, 954 F.2d 1337 (7th Cir.1992). However, in *Littlefield*, the plaintiff was subjected to "the most venomous and loathsome of racist epithets," and a death threat had been taped to her door. *Id.* at 1348.

In the present case the compensatory damages were comprised of plaintiff's monetary loss and emotional distress. According to their testimony, plaintiff's monetary loss was $210.00 in additional rent per month and $75.00 per week in day care. Based upon a two-year calculation, plaintiffs would be entitled to $5,040.00 in rent difference and $7,800.00 in child care, totalling $12,840.00 in monetary loss. When the jury awarded plaintiffs $200,000.00 in compensatory damages, the remaining $187,160.00 had to have been for emotional distress.

At trial plaintiff Deeva Darby testified that she is "very sad" and "very depressed." In addition, she testified that "[her] self-confidence has decreased a lot and my self-esteem." She further testified that she was forced to accept a demotion as a result of tension between her and her co-workers because of defendants' discriminatory conduct. Plaintiff Anthony Darby stated that the incident affected him because "[He doesn't] like to go out anymore because I am thinking like, well, I am a black person ..." and that people will not "give [him] their full attention because [he] is black."

■ After reviewing awards in other housing discrimination cases, this court finds that the jury's $200,000.00 award in compensatory damages is clearly excessive. Accordingly, the court will grant defendants' motion for remittitur to $50,000.00, representing $12,840.00 in monetary loss and $37,160.00 in emotional distress.

As for the jury's award of $250,000.00 in punitive damages, the court finds that award also to be clearly excessive. Defendants argue that there was no evidence admitted at trial to show that the defendant companies "in some way authorized, ratified or fostered the acts complained of." *Fort v. White*, 530 F.2d 1113, 1117 (2d Cir.1976). Accordingly, defendants contend that, as a matter of law, the jury could not have awarded any punitive damages.

However, both parties rely on *Morehead v. Lewis*, 432 F.Supp. 674 (N.D.Ill.1977). The trial court in *Morehead* stated, "Punitive damages, as a rule, are disfavored in the law, and are awarded where willful or wanton conduct can be shown, *or as a means of deterrence.*" *Id.* at 679 (emphasis added) (citing *Marr v. Rife*, 503 F.2d 735 (6th Cir. 1974)). Thus, regardless of any finding of willful or wanton conduct on the part of the employer, the jury could have awarded punitive damages as a means of deterrence.

As aptly addressed in plaintiffs' March 10, 1993 supplemental memorandum regarding punitive damages, the jury was instructed that any punitive damages must bear a reasonable relation to the amount of compensatory damages. Plaintiff's mem. at 1. Accordingly, the court will remit the amount of

punitive damages to $50,000.00 to match the remittitur of compensatory damages.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motion for judgment as a matter of law or, in the alternative for new trial is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for new trial is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for remittitur is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that plaintiffs' award for compensatory damages is **REMITTED** to $50,000.00.

**IT IS FURTHER ORDERED** that plaintiffs' award for punitive damages is **REMITTED** to $50,000.00.