**Anthony E. KOWALSKI, Plaintiff,**

v.

**AMERICAN STEAMSHIP COMPANY, Defendant.**

No. 91–CV–10290–BC.

United States District Court, E.D. Michigan, Northern Division.

July 7, 1995.

---

46 U.S.C.App. § 688 *et seq.*, and general admiralty and maritime law, for injuries he allegedly sustained while he was a crew member aboard the M/V *Sam Laud.* Specifically, Plaintiff alleged,

> On or about December 11, 1989, Plaintiff was in the process of carrying on peaceful activities aboard the vessel as a crewmember when he was accosted and assaulted by one of Defendant's crewmembers by the name of Howard Herold, a man who possessed vicious propensities with an antisocial penchant of venting his spleen against others including crewmembers, without provocation and with evil intent all of which propensities existed prior to commencement of the voyage in question and were well-known to Defendant–Shipowner and thereupon proceeded to beat Plaintiff with a blunt instrument about the head causing grace and permanent injuries inclusive of closed head injuries, *inter alia.*

On February 21–23, 1995, the case was tried before a jury on the issue of liability only. The jury returned a verdict in favor of Defendant on the unseaworthiness claim under general admiralty law and in favor of the plaintiff on the Jones Act negligence claim; the jury found that Defendant was 70% at fault and Plaintiff was 30% at fault.

At the close of Plaintiff's proofs, Defendant moved for entry of judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a). The court reserved the decision on the question of law raised by the motion, in accordance with Fed.R.Civ.P. 50(b). On March 7, 1995, Defendant renewed his motion pursuant to Rule 50 and moved, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59. The court now grants the motion for entry of judgment as a matter of law and denies the motion for new trial.

Donald A. Krispin, Detroit, MI, for Plaintiff.

Thomas W. Emery, Detroit, MI, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR RULE 50 JUDGMENT

CLELAND, District Judge.

#### I. Introduction

Plaintiff's complaint, filed in September 1991, sought damages under the Jones Act,

## II. Background

Plaintiff's claim arises from an incident on December 10, 1989, while he was serving as a watchman aboard the M/V *Sam Laud.* The alleged assailant was his roommate of 2½ years and fellow crewmember, Howard Herold; Herold was also a watchman. Herold

stood the 12–4 watch, and Kowalski stood the 4–8 watch. So, twice a day, Kowalski would relieve Herold of his watch—once at 3:45 a.m. and again at 3:45 p.m. each day.

The testimony at trial showed that on the day in question, Herold was standing watch on a cold December day and was using a hose to clean the deck. His clothes became soaked with cold water, and he obtained permission to put his outer clothing in the dryer and change clothes. Herold removed Plaintiff's laundry from the clothes dryer and put in his own wet clothes. When Plaintiff discovered his laundry out of the drier and Herold's in, he became angry. When Plaintiff went to relieve Herold of his watch, he mentioned the laundry and called Herold a derogatory name. Herold retaliated by hitting Plaintiff. The evidence at trial also showed that Herold had a history of drug and alcohol abuse.

### III. Standard

The applicable Rule, Fed.R.Civ.P. 50(b), provides, in pertinent part:

> If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as a matter of law.

Rule 50(c) provides:

> If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.

■ The Sixth Circuit enunciated the standard for determining a renewed motion for judgment as a matter of law in *Morelock v. NCR Corp.*, 586 F.2d 1096, 1104 (6th Cir. 1978).[1]

> The issue raised by a motion for a judgment n.o.v. is whether there is sufficient evidence to raise a question of fact for the jury. *O'Neill v. Kiledjian*, 511 F.2d 511,

513 (6th Cir.1975). This determination is one of law to be made by the trial court in the first instance. *Id.* In determining whether the evidence is sufficient, the trial court may neither weigh the evidence, pass on the credibility of witnesses nor substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor. *See Gillham v. Admiral Corp.*, 523 F.2d 102, 109 (6th Cir.1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1113, 47 L.Ed.2d 318 (1976). If, after thus viewing the evidence, the trial court is of the opinion that it points so strongly in favor of the movant that reasonable minds could not come to a different conclusion, then the motion should be granted. *Id.* at 109.

### IV. Discussion

#### A. Rule 50 Motion for Judgment as a Matter of Law

The court finds that Defendant is entitled to judgment as a matter of law on the issue of Jones Act negligence because Herold's assault on the plaintiff was not foreseeable by the defendant. There appears to be no published decision of this circuit directly on point, so the court looks for guidance to the courts of other circuits.

■ In *Wiradihardja v. Bermuda Star Line, Inc.*, 802 F.Supp. 989, 993 (S.D.N.Y. 1992), the court held that, under certain circumstances,

> an employer who knows or who can reasonably foresee that an employee, while on the job, is likely to commit an assault, may be held responsible for the employee's activities. In order to establish a shipowner's liability in negligence under these circumstances, a plaintiff must establish that (1) the assailant is a person of known vicious character, *Offshore Logistics Inc. v. Astro–Marine, Inc.*, 482 F.Supp. 1119, 1121 (E.D.La.1980) and (2) the shipowner

---

1. The Rule was amended, effective December 1, 1991, to substitute the designation "renewed motion for judgment as a matter of law" for the previous term, "judgment notwithstanding the verdict." However, the standard enunciated in *Morelock* is still applicable. *Darby v. Heather Ridge*, 827 F.Supp. 1296, 1297, n. 1 (E.D.Mich. 1993).

knew or should have known of the crew member's violent propensities. *Sundberg v. Washington Fish & Oyster Co.*, 138 F.2d 801 (9th Cir.1943).

*Wiradihardja*, 802 F.Supp. at 993. In *Wiradihardja*, the plaintiff was the ship's food manager. He was in his office doing paperwork when Wilson, a vegetable cook, appeared at the office doorway. Wilson picked up a bottle of tabasco sauce and a bottle of ketchup and launched the bottles at the plaintiff, one after the other. The ketchup bottle hit the plaintiff in his raised arm, causing a fracture which necessitated surgical repair. The court granted summary judgment to the defendant because there were no facts to establish that the assailant's violent conduct was foreseeable. "Significantly, there is no indication that Wiradihardja or anyone else ever heard or saw Wilson harm or threaten anyone or otherwise exhibit violent conduct." *Id.*

█ The case at bar is similar to *Wiradihardja* in that Plaintiff presented no evidence that he or anyone else ever heard or saw Herold harm or threaten anyone or otherwise exhibit violent conduct. Herold was known to have a substance abuse problem, but he had not previously exhibited violent behavior, even when under the influence of alcohol or other drugs.

In *McKinley v. Afram Lines (USA) Co., Ltd.*, 834 F.Supp. 510 (D.Mass.1993), the District of Massachusetts granted summary judgment to a shipowner defendant where there was evidence that the assailant was drunk when he committed the assault and where his drunkenness was foreseeable, though his viciousness was not. The court ruled, "In all such cases the plaintiff must prove that the assailant constituted a foreseeable risk to the plaintiff against which the shipowner had a duty to guard." *Id.* at 514–15. "Stated otherwise, there must be some showing that defendant should have known that [the assailant] was a source of peril to those sailing with him." *Id.* at 515. The court drew a distinction between knowing that a particular sailor had a tendency to become drunk and knowing that he had a tendency to become violent.

Although there is evidence to support the fact that Guiher was drunk at 5 a.m. on July 26, 1991, and that plaintiff was aware of Guiher's propensity to imbibe alcohol, there is no evidence in the record to suggest that the owner or officers of the S.S. Tampa Bay had notice, actual or constructive, that Guiher's drunkenness would result in the risk or peril of a shipboard assault.

*Id.*

The same distinction—between tendency to abuse alcohol and illegal drugs and tendency toward violence—applies here. The evidence at trial showed that Herold drank and used illegal drugs and even that the defendant had reason to know that Herold did so. There was no evidence, however, that Herold had ever committed a violent act against one of his shipmates or anyone else. Thus, there was no evidence to suggest that the defendant had notice, actual or constructive, that Herold's drunkenness and drug abuse would result in the risk or peril of a shipboard assault. Accordingly, Defendant is entitled to judgment as a matter of law.

Plaintiff relies on two old cases from the Second Circuit for the contrary conclusion, *Stankiewicz v. United Fruit Steamship Corp.*, 229 F.2d 580 (2d Cir.1956) and *Gerald v. United States Lines Co.*, 368 F.2d 343 (2d Cir.1966). The court declines to follow those cases. In *Stankiewicz*, the Second Circuit held that the district court had erred in directing a verdict in favor of the defendant ship owner. The court reasoned that the jury could have found that the ship's officers were lax in enforcing the rule against bringing liquor aboard ship, that the assailant was drunk when he committed the assault, and that the attack was "an act of viciousness induced by intoxication." *Stankiewicz*, 229 F.2d at 581. The *Gerald* court cited *Stankiewicz* for the same proposition and again reversed a district court which had directed a verdict in favor of a defendant where the assailant was drunk on board ship. "Reasonable men could find that the defendant was negligent in not enforcing the ban on liquor, and in not having a guard at the head of the gangway and that plaintiff was injured as a result of these omissions." *Gerald*, 368 F.2d at 344.

Underlying both of these decisions is a determination that the causal connection be-

tween drunkenness and propensity to assault is close enough that a defendant who could have foreseen that the assailant might get drunk could also foresee that he might assault someone, even if he had never done so before. This court is unwilling to accept that premise. It is not uncommon for a person to drink—even to excess—without becoming violent. Indeed, it appears that such was Herold's habit.

Though the plaintiff testified that he drank and used drugs frequently, there is no evidence that he had ever assaulted, or even threatened to assault, anyone before. When reviewing a motion brought under Rule 50 and predicated upon a claim of an absence of evidence, the court is in a position which is sometimes difficult: to evaluate whether, in the entire record, there is *any* evidence in support of a particular proposition. Courts generally do not cause a transcript of the entire trial to be produced in order to review such questions, but rather rely upon bench notes and recollection, as well as, importantly, the assertions of counsel for the non-moving party who is expected to know the facts of the case better than the court. In this case, the court has searched both bench notes and recollection for evidence of viciousness of character, but to no avail. The only evidence on the question of character of the assailant was in the opposite direction—that Herold in the past had *not* exhibited any violence, had not hit anyone, had not gotten into fights and had not threatened people to the knowledge of any of the witnesses. Similarly, and significantly, the attorney for plaintiff in his response to the motion was also unable to identify any such evidence, but rather relied exclusively upon the proposed presumption that a man—such as the evidence suggested about Herold—who uses illegal drugs and who abuses alcohol is, perforce, of brutal or vicious character. This presumption the court cannot accept. As a matter of law, it was not reasonably foreseeable that Herold would assault the plaintiff. Accordingly, Defendant is entitled to judgment as a matter of law on the Jones Act negligence count.

*B. Rule 59 Motion for New Trial*

Under Fed.R.Civ.P. 50(c)(1), the court is required to rule on the motion for a new trial if a renewed motion for judgment as a matter of law is granted, by determining whether it should be granted if the judgment is thereafter vacated or reversed. The general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair. 11 *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure:* Civil: § 2805. The motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions. *Id.*

The defendant does not present, and the court is unaware of, any error of the type which might warrant a new trial. Defendant's argument is a legal one, and submission to another jury is unlikely to be of assistance.

Accordingly, the motion for new trial is denied.

### V. Conclusion

Defendant's motion for judgment as a matter of law is GRANTED, and its motion for a new trial is DENIED.

IT IS SO ORDERED.