Ernest L. HAMILTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1:95–CV–079.

United States District Court,
E.D. Texas,
Beaumont Division.

April 8, 1996.

Rodney Vess Steinburg, John A. Carwile, Steinburg Carwile & Herzik, Houston, TX, for plaintiff.

Peter Alexander McLauchlan, Meyer Orlando & Evans, Houston, TX, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

The Plaintiff, Ernest Hamilton, seeks to recover damages sustained while serving aboard the USNS CARIBBEAN. The injuries were the result of an altercation between Hamilton and fellow seaman Thomas Beathard. The Plaintiff seeks recovery from the United States based on negligence and vicarious liability under the Jones Act and based on breach of the warranty of seaworthiness. Defendant's Motion for Summary Judgment is in part granted with respect to the seaworthiness claim and denied on the negligence claims.

### FACTS

Ernest Hamilton and Thomas Beathard were both able-bodied seamen employed by International Marine Carriers, Inc. ("IMC") to serve on the USNS CARIBBEAN. IMC was furnishing and operating U.S. vessels pursuant to a contract between IMC and the USA on behalf of the United States Military Sealift Command. Hamilton began working for IMC in 1991. On April 17, 1994, Hamilton was involved in an altercation with Beathard, who had been on the vessel for four or five days. The Plaintiff contends that Beathard returned from shore leave in Guantanamo Bay, Cuba in an intoxicated state. There is further testimony that the Chief Steward, Betty Harris, saw Beathard with a case of beer and failed to notify the ships' officers. The Plaintiff avers that Beathard was able to board the ship while being intoxicated and carrying a case of beer because there was no gangway watchman on duty.

Hamilton testified that he regularly called Beathard for his watch. On the day of the altercation Hamilton attempted to call Beathard and turned on the lights in his room. Approximately 20 minutes later, Beathard went up on deck and accused Hamilton of not calling him for his watch. Hamilton replied that he had indeed tried to call him. At this point, Beathard tried to hit Hamilton and got Hamilton into a headlock. Hamilton got away, backed up, and Beathard charged at him again. After further scuffle, Beathard picked up a ship-to-shore radio and while backing up, Hamilton backed into a loose steel pipe which he picked up as a defensive measure. The chief mate broke up the fight and sent Beathard off the deck. As a result of the fight, Hamilton claims to have sustained injuries which have prevented him from working since April 17, 1994.

In hiring its crew from the Seafarer's Internation Union ("SIU"), IMC relied upon personnel reports which indicated that Beathard had no previous incidents. Moreover, the ship's List of Crew and Report of Character is free of blemish regarding Beathard, notwithstanding the incident with Hamilton.

## ANALYSIS

In the Plaintiff's complaint, Hamilton alleges actions based on negligence under the Jones Act, 46 U.S.C.App. § 688, and based on the general maritime theory of unseaworthiness. The Plaintiff's negligence claim stems from the vessel's failure to have a watchman on the gangway and from one of the crew members failure to report Beathard's intoxication or his possession of beer to the authorities. The Plaintiff also asserts that Beathard was not of the necessary disposition to make the vessel seaworthy.

### *Summary Judgment Standards*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

To oppose a properly supported motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials [in its] pleadings, but the [nonmoving] party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In determining the existence of a genuine issue for trial, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

However, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249, 106 S.Ct. at 2511. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### *Negligence Under the Jones Act*

The Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law...." 46 U.S.C.App. § 688. The burden of proving causation under the Jones Act is "very light" or "featherweight." *Zapata Haynie Corp. v. Arthur*, 980 F.2d 287, 289 (5th Cir.1992), citing *In re Cooper/T. Smith*, 929 F.2d 1073, 1076 (5th Cir.1991). Judgment as a matter of law in a Jones Act claim is proper "only where there is a complete absence of probative facts in support of the seaman's claim on the foreseeability issue." *Fountain v. John E. Graham & Sons*, 833 F.Supp. 873, 879 (S.D.Ala.1993).

Although in Jones Act cases a "jury is entitled to make permissible inferences from unexplained events," summary judgment is nevertheless warranted when there is a complete absence of proof of an essential element of the nonmoving party's case. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir.1987). In this case, Hamilton urges that the United States is directly liable and vicariously liable through its agent IMC for failing to maintain a gangway watch and for failure to enforce a liquor ban on the ship.

To establish shipowner negligence under the Jones Act in a case involving an altercation between crew members the plaintiff must prove either that (1) the assault was committed by the plaintiff's superior for the benefit of the ship's business, or (2) the master or the ship's officers failed to prevent the assault when it was foreseeable. *Miles v. Melrose*, 882 F.2d 976, 984 (5th Cir.1989), *aff'd* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). There is no issue with respect to the former formulation for negligence, but

rather the Plaintiff proceeds on the latter theory of negligence.

■ The Defendant contends there is no question of material fact on the foreseeability theory because there is no evidence that Beathard was a habitual violator of ship discipline or had ever previously fought or threatened anyone with a weapon. While the summary judgment evidence provided by the Defendants indicates that Beathard's record was free of incidents, this is not the theory upon which the Plaintiff relies. One way of proving foreseeability-based negligence resulting in an altercation between seamen may be the presentation of a record of habitual fighting. However, this is not the only method. Whether or not Beathard's previous record evinces a propensity toward violent confrontation is more telling of the ship's seaworthiness and will be addressed more thoroughly in the following section. In addition, the Plaintiff does not contend that seaman Beathard was negligently retained or hired.

Further, the Defendant contends that the failure to provide a gangway watch is not negligent as a matter of law. The two cases cited for this proposition are inapposite to the present case. In *Hines v. Bristol City Line,* Mr. Hines' mysterious death was claimed to result from one of several causes including the absence of a gangway watch. The district court, in that case, held that the absence of a gangway watch was too remote to establish a causal relationship to the plaintiff's injuries. 301 F.Supp. 1394 (E.D.Pa. 1969), *aff'd* 422 F.2d 668 (3d Cir.1970). However, the *Hines* court noted that the Plaintiff did not raise the issue of the ship's failure to provide a gangway watch before trial and therefore waived the issue. The district court found that "there was simply no evidence presented by the plaintiff to show how or why [the plaintiff] arrived at his death...." *Id.* at 1396. In *Reyes v. Vantage S.S. Co., Inc.,* the Fifth Circuit Court of Appeals held that the absence of the gangway watch was irrelevant to the plaintiff's injuries because there was no adequate rescue equipment on the ship. 558 F.2d 238, 245 (5th Cir.1978). The specific findings in these cases do not speak to the case at bar.

In the present case, there is evidence that Beathard had been drinking and was in possession of alcohol on the ship in violation of company and Coast Guard rules. That the gangway was unguarded is an omission which exposed the ship's crew to the type of incident that occurred. "Reasonable men could find that the defendant was negligent in not enforcing the ban on liquor, and in not having a guard at the head of the gangway and that the plaintiff was injured as a result of these omissions." *Gerald v. United States Lines Co.,* 368 F.2d 343, 344–45 (2d Cir.1966); *Stankiewicz v. United Fruit Steamship Corp.,* 229 F.2d 580 (2d Cir.1956). Clearly, the Defendant's failure to provide a gangway watch and enforce the ban on liquor will be an issue for the jury.

Finally, the Defendant asserts Beathard was not in the course and scope of his employment at the time of the assault on Hamilton. As noted above, the Plaintiff does not assert negligence based on an attack committed by a superior crew member for the benefit of the ship. The Plaintiff is proceeding on the foreseeability theory of negligence. Further, the Jones Act requires that the *injured seaman* be acting in the course and scope of his employment when injured. *See* 46 U.S.C.App. § 688. In the case *sub judice,* Hamilton was asked by his superior (the third mate) to call Beathard for his shift. (Plaintiff's Response to Defendant's Motion for Summary Judgment, Exhibit F, p. 78). As the Plaintiff was acting within the scope of his employment, he is entitled to Jones Act protection.

Because a reasonable juror could conclude that the United States was negligent in failing to provide a gangway watch or to enforce the ban on liquor aboard the ship, issues of material fact remain which preclude summary judgment.

### The Doctrine of Seaworthiness

■ Hamilton has alleged that Beathard's presence aboard the vessel rendered it unseaworthy. To establish unseaworthiness in a case involving an altercation, the plaintiff must prove that the dangerous character of the seaman "is not equal in disposition and seamanship to the ordinary men in calling." *Miles,* 882 F.2d 976, 983. "This liability is based on the concept that the presence of 'a

seaman with a wicked disposition, a propensity to evil, (and) a savage and vicious nature' renders the vessel unseaworthy." *Robinson v. S.S. Atlantic Starling,* 369 F.2d 69, 71 (5th Cir.1966) (quoting *Boudoin v. Lykes Bros. S.S. Co.,* 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955)). A shipowner is not liable for all fisticuffs on shipboard or for every sailor's drunken brawl. *Jones v. Lykes Bros.,* 204 F.2d 815 (2d Cir.1953), *cert. denied* 346 U.S. 857, 74 S.Ct. 72, 98 L.Ed. 370 (1953). "A seaman is not unfit merely because he is irascible; he fails to meet the seaworthiness standard only if he possesses a savage and vicious nature." *Miles,* 882 F.2d at 981. The suddenness of the attack and the savagery of the attack (including the use of a weapon) are two factors to be considered in making the unseaworthiness determination, but in themselves, they are not the test. *Id.* at 983.

■ The Plaintiff has provided no summary judgment evidence which would create an issue of fact regarding any record of Beathard's poor disposition. The information provided by the Defendant demonstrates a record free of attacks or incidents by Beathard. Clearly, a record of bad disposition is not at issue here. The Plaintiff relies on the sudden nature of the attack and the use of the radio as a weapon to prove Beathard's disposition.

Beathard's assault on Hamilton does not rise to the level of the vicious and unprovoked attack necessary to render a vessel unseaworthy. Further, no reasonable juror could so conclude. "In those assault cases in which the issue of unseaworthiness has been held properly submissible to a jury, the hallmark has been either an assault with a deadly weapon or independent evidence of the assailant's exceptionally quarrelsome nature, his habitual drunkenness, his sever personality disorder, or other similar factors." *Walters v. Moore–McCormack Lines, Inc.,* 309 F.2d 191, 193 (2d Cir.1962). By contrast, Beathard first yelled at Hamilton for not calling him. When Hamilton told Beathard he did call him, Beathard took a swing at Hamilton, and then held him in a headlock. Beathard did not attack Hamilton with a weapon, but with his fists. Beathard picked up a radio after other crew members became involved.

Judge Learned Hand wrote in 1953 that "[s]ailors lead a rough life and are more apt to use their fists than office employees; what will seem to sedentary and protected persons an insufficient provocation for a personal encounter, is not the measure of the 'disposition' of 'the ordinary men in the calling.'" *Jones v. Lykes Bros. Steamship Co.,* 204 F.2d 815, 817 (2d Cir.1953). Shipowners are not liable for every pugilistic encounter between seamen and nothing about this incident would render the United States liable to the Plaintiff. Beathard's attack on Hamilton was merely a shipboard brawl and the Plaintiff has provided no evidence to the contrary.

### Conclusion

There remain material issue of fact regarding the failure of the shipowner to post and maintain a gangway watch and to enforce a liquor ban. Consequently, summary judgment based on negligence under the Jones Act is denied. On the Plaintiff's claim of unseaworthiness, there is no material issue of fact which remains regarding Beathard's disposition as a seaman. His record and the nature of the attack do not render the vessel unseaworthy and no reasonable juror could so conclude. Summary Judgment on the Plaintiff's unseaworthiness claim is granted. Accordingly, the Defendant's Motion for Summary Judgment is Denied in part and Granted in part.